IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ZACHARY ROSS MEADOWS                                                              PLAINTIFF

v.                                  Civil No. 2:19-CV-02050

LIEUTENANT VEENA CUPP, *et. al.*                                                 DEFENDANTS

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff failure to obey a Court Order and to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on April 17, 2019. (ECF No. 1). That same day, Plaintiff was granted *in forma pauperis* (IFP) status. (ECF No. 3). The IFP Order also advised Plaintiff that failure to inform the Court of an address change would result in the dismissal of his case. (*Id*.).

On two occasions,[1] mail sent to Plaintiff at the Crawford County Detention Center was returned as undeliverable. (ECF No's 10, 11). Plaintiff's deadline to provide the Court with a new address was October 9, 2019. (ECF No. 10). To date, Plaintiff has not done so.

### II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

---
[1] September 9 and 12, 2019.

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 15th day of October 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE